IT IS ORDERED

Date Entered on Docket: February 20, 2020



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

IN RE:

Kathryn Leona Sandoval

    **Debtor**                             Case No. 19-11632-TS13

### DEFAULT ORDER GRANTING RELIEF FROM STAY
### OF PROPERTY LOCATED AT 12 C Arroyo Los Lopez, Nambe, NM 87506

This matter came before the Court on the Motion for Relief from Stay filed on 1/24/2020, Docket No. 47, (the "Motion") by Rushmore Loan Management Services LLC ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On 1/24/2020, Movant served the Motion and notice of the Motion (the "Notice") on counsel of record for Debtor, Kathryn Leona Sandoval, and the case trustee, Tiffany M. Cornejo, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P.

5(b)(3) and NM LBR 9036-1, and on the Debtor and US Trustee by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b)  The Motion relates to the following property:

12 C Arroyo Los Lopez
Nambe, NM 87506

(c)  The Notice, Docket No. 48, specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d)  The Notice was sufficient in form and content;

(e)  The objection deadline expired on 2/17/2020.

(f)  As of 2/18/2020, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)  The Motion is well taken and should be granted as provided herein; and

(h)  By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on 2/18/2020, McCarthy & Holthus, LLP searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

**IT IS THEREFORE ORDERED:**

1.  Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

(a)  To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security

agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law, unless this matter is dismissed or Debtor otherwise do not receive a discharge of this debt.

3. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim in this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor owes any amount after the sale of the Property.

4. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

5. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

7. Movant and/or its successors and assignees may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. If the debt is discharged, any such agreement shall be non-recourse unless included in a reaffirmation agreement.

###END OF ORDER###

**RESPECTFULLY SUBMITTED BY:**

**/s/  Stephanie Schaeffer**
**McCarthy & Holthus, LLP**
**Stephanie Schaeffer, Esq.**
**Attorneys for Movant,**
**6501 Eagle Rock NE, Suite A-3**
**Albuquerque, NM 87113**
**(505) 219-4900**
**/s/ submitted electronically 2/18/2020**
**sschaeffer@mccarthyholthus.com**


Copies to:

**DEBTOR**
Kathryn Leona Sandoval
12C Arroyo Los Lopez
Santa Fe, NM 87506

**DEBTOR'S COUNSEL**
Arun A Melwani
arun@melwanilaw.com

**CASE TRUSTEE**
Tiffany M. Cornejo
courtemail@ch13nm.com

**US TRUSTEE**
PO Box 608
Albuquerque, NM 87103-0608

**SPECIAL NOTICE**
PRA Receivables Management, LLC
claims@recoverycorp.com